**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| **IN RE:** ) | **CASE NO.** | **20-20053 (JJT)** |
| ) | | |
| **Regina R. Pickard,** ) | | |
|     **DEBTOR.** ) | **CHAPTER** | **13** |
| ) | | |
| ) | **RE: ECF NOS.** | **46, 60, 68, 78, 89, 90** |

**MEMORANDUM OF DECISION**
**ON OBJECTION TO CONFIRMATION OF PLAN**

I. INTRODUCTION

Before the Court is Toyota Lease Trust's ("Toyota") Objection to Confirmation of Plan (ECF No. 60; the "Objection"), which was filed on September 17, 2020 in the above-referenced Chapter 13 case.[1] Therein, Toyota argues that Regina R. Pickard's (the "Debtor") second amended plan (ECF No. 46), which seeks to assume her auto lease (the "Lease") for a 2015 Lexus RX 350 (the "Vehicle") and exercise the option to purchase the Vehicle, is improper because it seeks to pay a modified buyout price in installments over the course of the plan, thereby foisting long-term financing onto Toyota.[2] The matter was initially scheduled to be argued at the Debtor's contested confirmation hearing, however, because this issue is strictly legal in nature, the Parties agreed to have the matter taken on the papers. On December 9, 2020, at a status conference on the Objection (ECF No. 82), the Court raised the issue of whether it would even need to reach the merits of the Objection in the event the Lease expired by its own

---

[1] The Chapter 13 Trustee has also objected to plan confirmation on various other grounds. Because the Court's resolution of the Objection is dispositive with respect to plan confirmation, the Court does not address the substance of the Chapter 13 Trustee's objection here. Accordingly, those objections are fully reserved and may be asserted in the event they are applicable to any subsequently filed plan of the Debtor.

[2] The Debtor has since filed a Third Amended Plan (ECF No. 78), which, for the purposes of this Memorandum of Decision, is materially the same with respect to the issue now before the Court. Accordingly, the Court views Toyota's Objection as applicable to the Third Amended Plan and is therefore carried over.

terms post-petition (but before confirmation). At the conclusion of that hearing, the Court requested supplemental briefing on that particular issue.[3]

While the Debtor's briefing and arguments principally focus on whether Section 1322(b)(2) would permit her to modify the rights of Toyota (as a holder of an allowed unsecured claim) and thus would allow her to pay a modified buyout price over a period of time through the plan (in the event that she elects the option to purchase), the Debtor fails to convincingly address an infirmity raised by the Court pertaining to whether there is even a lease to be assumed. The Court, therefore, cannot, and will not, reach the issue pertaining to Section 1322(b)(2) in light of the threshold defect that is part of the Debtor's approach. Accordingly, Toyota's Objection is hereby SUSTAINED and Confirmation of the Debtor's Third Amended Plan is hereby DENIED.

II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (L). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

III. BACKGROUND

In 2015, the Debtor entered into the Lease with Toyota for the Vehicle. By its terms, the Lease contained an explicit option to buy the Vehicle upon the Lease's maturity date. The Option provides that, so long as the Debtor is not in default upon the maturity date, she can exercise the option to purchase the Vehicle for a certain payoff amount.[4] If the Debtor did not exercise the

---

[3] *See* Order Setting Briefing Schedule (ECF No 85) ("After consideration of the dates proposed in the parties' Statement of Agreed Briefing Schedule, ECF No. 84; it is hereby ORDERED: That Debtor's brief shall be filed on or before December 31, 2020, any response thereto shall be filed on or before January 11, 2021.").

[4] According to the Lease, the Debtor would have to pay $26,230.88 upon the maturity date of the Lease or return the Vehicle to Toyota.

option to purchase the Vehicle upon the Lease's maturity date, the Debtor was obligated to return the Vehicle to Toyota.

At some point during the Lease term, the Debtor fell behind on her payments to Toyota. On July 30, 2019, just prior to the Lease's August 2019 maturity date, Toyota and the Debtor reached an agreement to modify the Lease and entered into a "matured lease extension" (the "Extended Lease") which extended the lease period for an additional six months so that the Debtor could pay the arrears and cure any default. The maturity date of the Extended Lease was February 7, 2020. In all other respects, the Extended Lease was more or less the same as the original. On January 14, 2020, approximately three weeks prior to the maturity date of the Extended Lease, the Debtor filed for Chapter 13 protection in this Court (ECF No. 1).

On January 27, 2020, approximately one week prior to the maturity date, the Debtor filed her first plan (ECF No. 10), which, among other things, provided for the assumption of the Extended Lease. Upon request of the Debtor, the Court denied confirmation of the Debtor's first plan on May 22, 2020 but provided leave to amend so that the Debtor could address several issues raised by the Chapter 13 Trustee. (ECF No. 23) Thereafter, the Debtor filed her first amended plan on June 10, 2020 (ECF No. 28), a second amended plan on August 27, 2020 (ECF No. 46), and the most recent iteration on December 4, 2020 (ECF No. 78). At no point during the life of this case did the Debtor file a motion to assume the Extended Lease pursuant to Section 365.

IV. DISCUSSION

Pursuant to Section 365 of the Bankruptcy Code, a debtor may assume or reject executory contracts or unexpired leases. 11 U.S.C. § 365. Specifically, Section 365(d)(2) provides that "[i]n a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or

reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan . . . ." *Id*. Moreover, Section 365(p)(1) provides, "[i]f a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated." *Id*.

It is the Debtor's contention that because the Extended Lease had not matured or expired as of the petition date, and because the relevant inquiry is whether the lease was in effect at the time of the filing, the Debtor should now be able to assume the Extended Lease as part of her plan of reorganization. While the Debtor is correct one respect, i.e., that a court looks to the petition date as the critical date when determining whether there are any executory contracts or unexpired leases to be assumed, the Debtor seems to overlook the critical fact that, "[t]he Bankruptcy Code neither enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms*."* *In re Anne Cara Oil Co., Inc.*, 32 B.R. 643, 647 (Bankr. D. Mass. 1983) (*citing  In re Advent Corp.*, 24 B.R. 612, 614, 9 B.C.D. 1103, 1104 (B.A.P. 1st Cir. 1982)).

Although "the automatic stay prevents entities from taking action to commence or continue a proceeding to collect a pre-petition debt [. . .] the automatic stay does not toll or restrain the mere passage of time. Thus, it does not stop a contract from terminating by its own terms as long as the termination does not depend on a post-petition 'act.'" *In re Margulis*, 323 B.R. 130, 133 (Bankr. S.D.N.Y. 2005) (concluding that that the bankruptcy stay did not prevent the automatic expiration of the leases according to their terms) (citation omitted); *see also Trigg v. United States* (*In re Trigg*), 630 F.2d 1370 (10th Cir. 1980)); *In re Freise*, No. 16-CV-4505, 2016 WL 6821516, at *7 (Bankr. E.D. Penn. 2016) (*citing approvingly to In re Anne Cara Oil*

4

*Co., Inc.*, 32 B.R. 643 (Bankr. D. Mass. 1983)); *In re Anne Cara Oil Co., Inc.*, *supra*, 32 B.R. at 648 ("It is well established that the filing of the petition for relief with the Bankruptcy Court in no way gives rise to a right in the . . . [d]ebtor in possession to extend the time of the . . . [a]greements, which expired by their terms [one month after the filing of the petition]" [citation and internal quotation marks omitted]).

While the Debtor has filed four plans, all of which contemplate the assumption of the Extended Lease (*see* ECF Nos. 10, 28, 46 and 78), the proposed approach is fundamentally and fatally flawed as the Extended Lease has irrefutably expired. Moreover, it is not in dispute that, upon the maturity date of the Extended Lease, the Debtor failed exercise the option to purchase the Vehicle, and, therefore, under the terms of the Extended Lease, she was obligated to return the Vehicle to Toyota. Even if, for argument sake, the filing of the Debtor's first plan was a sufficient substitute to filing a timely motion to assume, the first plan was not confirmed by the Extended Lease's maturity date and, moreover, failed to sufficiently address cure, compensation and adequate assurances of future performance, which were, at best, obliquely stated therein. *See In re Anne Cara Oil Co., Inc.*, *supra*, 32 B.R. at 647 (concluding that the mere submission of a plan by the debtor did not constitute the necessary affirmative act with respect to assuming an insurance policy, and because neither the debtor nor the trustee took any action to assume the policy, it would terminate under its own terms at the end of the grace period and thereafter did not exist for the trustee or the debtor to assume).

The details and supportive evidence as to lease payments and defaults that address the amounts and timing of cure and legal fees are simply absent from the first plan. Accordingly, with no prior Order of assumption from this Court and no confirmed plan as of the terminal date,

the Debtor is simply unable to assume the Extended Lease because there is, in fact, no lease to assume, and therefore the Court hereby SUSTAINS Toyota's Objection.

V. CONCLUSION

While packaged as a novel issue for confirmation, the matter before the Court is premised and answered by well-established law under 11 U.S.C. §§ 362 and 365. Under the present circumstances, neither the Court nor the Debtor has the ability to use Section 365 to revive contact rights that have expired according to their own terms. Upon such expiration, the Debtor has no cognizable interest in the subject Vehicle, which is property of Toyota. Accordingly, the assumption contained in the plan is inappropriate and confirmation is hereby DENIED. An Order shall enter denying plan confirmation but allowing the Debtor 21 days to file a revised plan.

**IT IS SO ORDERED** at Hartford, Connecticut this 12th day of January 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut